IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | | |
|---|---|---|
| Nicholas McCranie, | ) | Case No. 6:25-cv-13508-JDA-KFM |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **OPINION AND ORDER** |
| | ) | |
| Patrick Fortenberry, *Chief of Police, in his Official Capacity*; Officer Corey Shepherd, *in his individual capacity*; Sgt. Austin, *in her individual capacity*; Officer Kunz, *in his individual capacity*, | ) ) ) ) ) ) | |
| | ) | |
| Defendants. | ) | |

This matter is before the Court on Defendants' motion to dismiss. [Doc. 4.] In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2), D.S.C., this matter was referred to United States Magistrate Judge Kevin McDonald for pre-trial proceedings.

Plaintiff filed his Complaint in the Laurens County Court of Common Pleas on August 26, 2025. [Doc. 1-1 at 2–7.] On November 21, 2025, Defendants removed the action to this Court and filed a motion to dismiss the Complaint. [Docs. 1; 4.] The Magistrate Judge issued a Report and Recommendation ("Report") on January 29, 2026, recommending that Defendants' motion to dismiss be granted in part and denied in part. [Doc. 10.] Specifically, the Magistrate Judge recommended that the Court grant Defendants' motion to dismiss the Plaintiff's state-law claims for negligent training, negligent hiring, and negligence and deny Defendants' motion to dismiss the Plaintiff's § 1983 Fourth Amendment claim. [*Id.* at 3–7.] The Magistrate Judge also indicated that Defendants Fortenberry and Austin should be terminated as parties because all claims

against them warranted dismissal. [*Id.* at 7–8.] The Magistrate Judge advised the parties of the procedures and requirements for filing objections to the Report and the serious consequences if they failed to do so. [*Id.* at 9.] The parties did not file objections to the Report, and the time to do so has lapsed.

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *See Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). The Court is charged with making a de novo determination of any portion of the Report of the Magistrate Judge to which a specific objection is made. The Court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or recommit the matter to the Magistrate Judge with instructions. *See* 28 U.S.C. § 636(b). The Court will review the Report only for clear error in the absence of an objection. *See Diamond v. Colonial Life & Accident Ins.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation" (internal quotation marks omitted)).

The Court has reviewed the record in this case, the applicable law, and the Report of the Magistrate Judge for clear error. Having done so, the Court accepts the Report and Recommendation of the Magistrate Judge and incorporates it by reference. Accordingly, Defendants' motion to dismiss is GRANTED as to Plaintiff's state-law claims and DENIED as to Plaintiff's § 1983 Fourth Amendment claim. Defendants Fortenberry

and Austin are terminated from this action because all claims against them have been dismissed.

    IT IS SO ORDERED.

s/ Jacquelyn D. Austin<br>United States District Judge

March 2, 2026
Greenville, South Carolina

## NOTICE OF RIGHT TO APPEAL

Plaintiff is hereby notified of the right to appeal this order pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.